UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MALBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIK WEISS, et al.,<br><br>    Defendants. | Case No. 22-cv-04751-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 15] |

Plaintiff Martin Malberg ("Plaintiff") brings this action against Defendants Erik P. Weiss and Karen K. Stromeyer (collectively "Defendants"). Compl. and Req. for Inj. ["Compl."] § I(B), ECF No. 1. Both parties are representing themselves. *See* Compl.; Mot., ECF No. 15.

In a related case, *Malberg v. Cashen et al.*, 22-CV-1788-BLF ("*Malberg I*"), Plaintiff sued his wife's attorneys for allegedly violating his First Amendment rights by seeking—on his wife's behalf—an allegedly unconstitutional restraining order against him. *See Malberg v. Cashen*, No. 22-CV-01788-BLF, 2022 WL 4544729 (N.D. Cal. Sept. 28, 2022); *see also* Compl. § III(B). This Court dismissed the complaint in that case. *See Malberg I*, 2022 WL 4544729, at *4.

Plaintiff is now suing the attorneys who represented his wife's attorneys in *Malberg I*. *See* Compl. § III(B). Plaintiff alleges that they have violated his First and Fourteenth Amendment rights by defending his wife's attorneys. *See Id.* § III(C). Plaintiff contends that the motion to dismiss and reply that Defendants filed on behalf of his wife's attorneys "violate[d] his rights" by "preventing adjudication of the Constitutional violations of free speech and equal protection by violating [his] legitimate petition and right of equal protection by creating a two-tier justice system with unconstitutional immunity claims." *Id* § III(B).

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6). Mot. Plaintiff

opposes. *See* Opp'n, ECF No. 20. Defendants filed a Reply. *See* Reply, ECF No. 23. Having considered the papers filed by both parties, the Court finds this matter suitable for resolution without oral argument, and the hearing scheduled for this motion is VACATED. L.R. Civ. 7-1(b). For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss WITHOUT LEAVE TO AMEND.

## I.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

The Court should liberally construe the pleadings of *pro se* plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1988). However, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

## II.   DISCUSSION

### A.   42 U.S.C. § 1983

Plaintiff first cites the First and Fourteenth Amendments as a basis for federal question jurisdiction. Compl. § II(A). However, neither provides a direct cause of action. Rather, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983," which

2

Plaintiff does invoke here. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Accordingly, the Court will construe Plaintiff's invocation of the First and Fourteenth Amendments as the asserted rights and basis for his claim under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not plausibly alleged and cannot plausibly allege that Defendants acted under color of state law. Plaintiff alleges that Defendants acted under color of state law either by virtue of their status as California attorneys or by their invocation of court procedures or the law to support their clients' claims. *See* Compl. § II(A) ("All Defendants are officers of the court and agents of the State of CA without immunity for Constitutional violations"); *see also* Addendum 1 to Compl. ("Addendum") Claim 2 ("The above violations in Claim 1 by Defendants was [*sic*] done under the 'color of law' of 1. Federal District Court Procedural Rules, 2. Sovereign Immunity statutes, 3. Absolute Immunity statutes, and 5.All [*sic*] California Immunity statutes in violation of 42 USC §1983, 18 USC §241 and 18 USC §242, permitting relief to the Plaintiff, and the imposition of penalties on the Defendants who were acting as agents of the court and state."). Neither allegation renders Defendants state actors under Section 1983. Although lawyers are held to be officers of the court, the U.S. Supreme Court has held this alone does not render a lawyer representing a client a "state actor" for the purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Likewise, a lawyer does not act "under the color of state law" by following court procedures or citing laws as the basis of their clients' claims. *Cf. Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."); *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge.").

The Court finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because he

has not alleged facts showing that Defendants were acting under color of state law when they allegedly violated his First or Fourteenth Amendment rights. Accordingly, the Court DISMISSES Plaintiff's § 1983 claim against Defendants.

### B.  Federal Criminal Statutes

The Complaint also cites two federal criminal statutes for conspiracy to violate rights, 18 U.S.C §§ 241, 242, and the federal criminal statute for seditious conspiracy, 18 U.S.C. § 2384. Compl. §§ II(A).  Plaintiff appears to seek criminal penalties against Defendants, including "maximum prison time," "criminal referral," and "Grand Jury Petition." Compl. § V.

It is well established that "private individuals lack standing to assert claims for relief based on criminal statutes." *Redmond v. United States*, No. 22-CV-01107-TSH, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (listing cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Carmichael v. Cnty. of San Diego*, 2019 WL 6716728, at *6 (S.D. Cal. Dec. 10, 2019) (finding no private cause of action under 18 U.S.C. § 2384). To the extent Plaintiff attempts to bring Title 18 criminal charges and seek criminal penalties against Defendants, the Court DISMISSES such claims for lack of standing.

### C.  Supplemental Jurisdiction

Because the Court has dismissed all federal grounds that the Complaint cites in support of federal question jurisdiction and Plaintiff does not invoke diversity jurisdiction (*see* Compl. § II), the Court has disposed of all claims over which it may have original jurisdiction.[1]  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also United*

---

[1] The Court notes that subject matter jurisdiction would not lie by virtue of an implied request for declaratory relief.  *See* Compl. § V (requesting "strike down" of various statutes).  Although there is a federal statute providing declaratory relief as a remedy, "the Declaratory Judgment Act 'does not itself confer federal subject-matter jurisdiction.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1216 (N.D. Cal. 2017) (quoting *Fid. & Cas. Co. v. Rsrv. Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979)).

4

*Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Where, as here, all federal law bases cited in the Complaint have been dismissed, the Court may exercise—and will exercise—its discretion to decline supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, to the extent the Complaint purports to raise any unspecified or implied claims (such as for fraud or fabrication of evidence), the Court will DISMISS those claims WITHOUT PREJUDICE to Plaintiff's re-asserting those claims in state court.

### D.     Leave to Amend

Although it is mindful of Plaintiff's status as a *pro se* litigant, the Court finds that the Complaint cannot be saved by amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The law is clear that private attorneys invoking state legal procedures do not become state actors for purposes of § 1983 (*see Schucker*, 846 F.2d at 1205), and the law is even clearer that private plaintiffs do not have standing to bring criminal charges (*see Aldabe*, 616 F.2d at 1092). Any amendment would be futile.

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Complaint is GRANTED, as follows:

1. The Complaint is DISMISSED WITHOUT LEAVE TO AMEND as to any claim purportedly arising from the First or Fourteenth Amendments; 42 U.S.C. § 1983; or 18 U.S.C. §§ 241, 242, 2384.

2. The Complaint is DISMISSED as to any remaining unspecified or implied state law claim, WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE to re-filing in state court.

Dated: January 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge